Report Date: January 8, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jason Jay Lingo            Case Number: 0980 2:16CR00072-RMP-1

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: January 4, 2017

| | | |
|---|---|---|
| Original Offense: | Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2)(A) | |
| Original Sentence: | Prison - 60 Months,<br>TSR - 120 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | U.S. Attorney's Office | Date Supervision Commenced: May 11, 2020 |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: May 10, 2030 |

### PETITIONING THE COURT

**To issue a SUMMONS**.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #3**: You shall be prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You shall not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors and strip clubs. You shall not utilize any sex-related adult telephone numbers. Your supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements. |
| 2 | **Special Condition #5**: You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use. |

**Supporting Evidence**: Mr. Jason Jay Lingo is alleged to have violated special condition numbers 3 and 5 by having in his possession, on or about January 8, 2021, an Internet capable cell phone in which the client, by his own admission, was using in an attempt to both circumvent proper monitoring by the U.S. Probation Office and to view pornographic content.

On May 11, 2020, the undersigned officer telephonically reviewed conditions of supervised release relative to 2:16CR00072-RMP-1 with Mr. Lingo. As the Court may recall, a request

for modification was previously drafted and submitted to the Court in this case on February 24, 2020, seeking the imposition of two additional conditions in this case. On February 26, 2020, additional conditions mandating computer monitoring software and allowing for the undersigned officer to conduct searches of the client's computing devices to ensure the client was not circumventing the software requirement were graciously imposed by the Court. Mr. Lingo indicated he understood all conditions as ordered by the Court and the conditions were signed electronically by the undersigned officer on his behalf and with his approval given the current COVID-19 pandemic.

Specifically, Mr. Lingo was made aware by his U.S. probation officer that he was required to disclose all computer devices maintained or used by the client to the undersigned officer, and that any such devices required monitoring software prior to his using the device, to which Mr. Lingo stated his understanding. Mr. Lingo was further made aware by his U.S. probation officer that he was to refrain from viewing, possessing or manufacturing pornographic material to which he stated his understanding.

On January 6, 2021, detailed information from a concerned citizen was received by the undersigned officer, detailing the client's possession of a second cell phone, previously unknown to the undersigned officer. The information was detailed and knowing to the degree that the undersigned officer immediately drew the conclusion that the client was in fact in possession of a second cell phone, previously unknown to and therefore unmonitored by the U.S. Probation Office.

On January 7, 2021, surveillance was conducted at the client's residence on two separate occasions, although the client was determined to not be at the residence during the periods. At 1:24 p.m., a text message was sent to the client asking about his availability for home contact, although a response was ultimately not received on the day in question. On January 8, 2021, the undersigned officer engaged in a text message exchange with the client in which the client indicated he was assisting a friend the previous day and had been out of cell phone range. The client committed to being at his residence on the day in question until approximately 10:30 a.m.

On January 8, 2021, at approximately 9:50 a.m., and with the assistance of Supervisory United States Probation Officer Law, home contact was made with the client at his residence located in Spokane. As a part of the home contact, Mr. Lingo was confronted on possessing a second previously unknown cell phone, to which Mr. Lingo initially denied. Mr. Lingo was reminded of the importance of honesty and advised that the undersigned officer was prepared to initiate a search of his residence if necessary; however, the undersigned officer first wanted to give him the opportunity to be forthcoming with the undersigned officer, at which time the client admitted to having a previously undisclosed second cell phone.

Specifically, Mr. Lingo detailed that he had actually secured the cell phone approximately 4 years ago, but only approximately 1 month ago again began using the device to view pornographic content. Mr. Lingo denied that the device had actual cellular service, but instead stated he used the device to view pornography that he had previously downloaded to the device years ago. Mr. Lingo escorted the undersigned officer to both the location of the device's charging cable and ultimately the device itself, which the client had hidden and ultimately retrieved from under a white dresser in the basement which the parties appeared to be using for storage. Mr. Lingo denied that the device possessed child pornography and further denied any possession of other previously unreported devices.

        Mr. Lingo admitted he had been viewing pornography on the device approximately once a week for the last month, and stated that he felt addicted to viewing the content, further advising he felt that some form of support group may be of benefit to him. As of the writing of this report, the device remains secured at the U.S. Probation Office in Spokane, until the device can be provided to the Federal Bureau of Investigation for further examination.

The U.S. Probation Office respectfully recommends the Court **issue a <u>SUMMONS</u>** requiring the offender to appear to answer to the allegation(s) contained in this petition.

        I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   January 8, 2021

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

### THE COURT ORDERS

[ ]    No Action
[ ]    The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer

1/8/2021

Date