

Kathryn P. Lucido
*Fellowship Attorney*
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for Jason J. Lingo

United States District Court
Eastern District of Washington
Honorable Rosanna Malouf Peterson

| | |
|---|---|
| United States, | No. 2:16-CR-72-RMP-1 |
| Plaintiff, | |
| v. | Defendant's Reply to United States' Response to Motion for Early Termination of Supervised Release |
| Jason Jay Lingo, | |
| Defendant. | |

**Introduction**

Jason Lingo, through counsel, replies to the United States' Response to Mr. Lingo's Motion for Early Termination. This reply is supported by the attached memorandum, as well as the Court's record and file.

Mr. Lingo meets the statutory threshold for supervised release eligibility. He is rehabilitated with stable pro-social behavior and positive ties to the community. Early termination will remove hurdles that hinder Mr. Lingo's ability to be a full co-parent, an involved father, a dependable friend, and development in his career. For these reasons and reasons discussed below, the interests of justice warrant early termination of his supervised release.

**Discussion**

**I.    Mr. Lingo is eligible for early termination of supervised release under 18 U.S.C. §3583(e)(1).**

Under 18 U.S.C. § 3583(e)(1), the district court is given authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of 1 year of supervised release […] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Mr. Lingo has completed almost 2 ½ years (28 months and 9 days) of his term of supervised

release and meets the threshold time requirement of a request for early termination.[1]

### A. The five-year mandatory minimum for a term of supervised release that is imposed for a sex offense does not preclude Mr. Lingo from seeking early termination at the one-year mark authorized under 18 U.S.C §3583(e)(1).

The United States asserts that Mr. Lingo is required to serve a minimum five years of the supervised release term imposed by the Court at sentencing per 18 U.S.C. § 3583(k) due to the nature of his crime. *See* ECF No. 91 at 1. This is an improper interpretation of the statute. Several circuit courts concur that authority to grant early termination exists even when a mandatory minimum term of supervised release was required by another statute at imposition. *See U.S. v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994); *see also U.S. v. Trailer*, 827 F.3d 933, 937-38 (11th Cir. 2016) (holding defendant sentenced to a life term of supervision with a five-year statutory minimum under 18 U.S.C. § 3583(k) could seek early termination of his supervised release after he has served at least one year of the term). The Ninth Circuit has not ruled on this issue. To clarify, the imposition of a sentence is distinct from modification or termination provided for in 18 U.S.C. 3583(e)(1). *See Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018). The Seventh Circuit elaborated in *Pope* that Congress did not intend for "a minimum term of supervised release [] to constrain the court's ability to later

---

[1] Mr. Lingo began his supervised release term on May 11, 2020.

terminate it." *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018). This Court indisputably has the discretion to terminate Mr. Pinter's supervised release and he is eligible to request it.

18 U.S.C. § 3583 makes *no distinction* precluding an offender from seeking early termination of supervised release based on the percentage of time served to date on the imposed term or whether unique circumstances exist, suggesting the mandatory minimum should or should not be applied. In fact, a district court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819 (citing *U.S. v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)).

**B.     The "exceptional behavior" rule is incorrect as a matter of law and Mr. Lingo has met his burden to demonstrate that early termination of supervised release is warranted.**

Early termination of supervised release is not reserved for rare cases; it *does not* require that a defendant proves "exceptionally good behavior" as the United States suggests. *See U.S. v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (holding the "exceptional behavior" rule is incorrect as a matter of law). The Ninth Circuit recognizes that while "exceptionally good behavior" is an example of changed circumstances and may warrant termination of supervised release, it is not a requisite element that must be proven. *See Id.* As a pairing, new or changed circumstances are a justification for

granting modification of conditions of supervised release, but not a requirement. *See U.S. v. Bainbridge*, 746 F.3d 943, 948-50 (9th Cir. 2014). This suggests that while changed circumstances and exceptionally good behavior successfully meet the burden to prove that early termination is warranted, such evidence is certainly not required for a Court to find that a grant of early termination is in the interest of justice.

In deciding whether early termination is appropriate, the Court must consider factors set forth in 18 U.S.C. § 3553(a) to determine if such termination "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). These factors are focused on the nature and circumstances of the offense and the goals and purpose of the sentence imposed. *See* 18 U.S.C. § 3553(a).

### i. There is no need to protect the public from further crimes of Mr. Lingo, he is not at risk of reoffending.

Mr. Lingo's complete lack of criminal history shows he is not a run of the mill offender, and the risk of reoffending is very low. The risk of re-offense is further diminished by Mr. Lingo's overwhelming family and community support, evidenced in the five letters of support that accompanied his motion, ECF No. 90. Mr. Lingo is employed at Amazon with consistent and glowing performance reviews. He is engaged to his long-term partner and is the proud father to two children—who are the center of his world. The United States reminded the Court of the fact Mr. Lingo was sentenced to the mandatory minimum sentence for his offense by this Court, inferring retributive

need and that Mr. Lingo "provides no unique circumstances" to suggest termination of supervised release is warranted. Yet, at sentencing, this Court offered that:

> THE COURT: I don't think the guidelines are really drafted for this type of situation. And certainly there can be an argument made -- and I will be making it right now -- that other statutes, including 3553, which are factors that I have to consider, completely gut any sort of rationale for imposing a five-year mandatory minimum in this case.
>
> I agree, my hands are also cuffed; and I'm not happy about it in the least. I think it is unjust. And, if there was a way

> SENTENCING HEARING - JANUARY 4, 2017
>
> for me to sentence below the five years -- throw away the guidelines. I'm not even going anywhere near the guidelines.

*See* ECF No. 63 at 9:18-10:2.

Despite the United States adamant conclusion otherwise, the lack of continued risk posed by Mr. Lingo's pro-social behavior and demonstrated stability as well as the significant hardship facing his family warrant termination in the interests of justice.

### ii. Mr. Lingo and his family face significant hardship, which is a change in circumstances since his sentencing.

The United States asserts that Mr. Lingo "provides no reason he needs to be off supervised release" and a change in circumstances is when consideration for termination is warranted. *See* ECF No. 91 at 2. First, Mr. Lingo's motion for termination was centered on the hardships he faces:

1) his fiancée Ms. Arnett cannot take care of the transportation of their children alone without needing to request leave from work, which is not always granted;

2) his children cannot have peer interaction due to the limitations of his supervision; and

3) he has been diagnosed with fibromyalgia which limits his ability to be promoted in his current position due to physical pain; and

4) Mr. Lingo's hope to apply for an apprenticeship in a skilled trade as an alternative to promotion is a non-starter while he is on supervision.

These are all circumstances that have developed since Mr. Lingo's sentencing in 2017.

Second, Mr. Lingo need not establish "rare" or "exceptional" circumstances to receive early termination. *U.S. v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). His evident rehabilitation goes against the grim picture the United States has attempted to

Reply to United States' Response in Opposition of Defendant's Motion for Early Termination of Supervised Release
– 6 –

paint, imagining that Mr. Lingo is seeking "unfettered access" to children. In reality, Mr. Lingo is trying to help his fiancée with parenting and be present in his children's lives.

### iii. Mr. Lingo's post-conviction rehabilitative conduct warrants early termination.

Mr. Lingo has not squandered the opportunity to rehabilitate himself while on supervised release, and thus § 3553(a)(3) weighs in his favor. He has demonstrated impressive course correction both during his time in prison and after his release from prison, appropriately engaging with the rehabilitative services provided by U.S. Probation. Mr. Lingo completed RDAP and has remained sober for the entirety of his sentence and supervision. He further has completed all required mental health treatment including regularly counseling attendance.

## II. Mr. Lingo's "relapse" conduct in 2020 was a misstep that should not preclude termination of his supervision.

Mr. Lingo's possession of a cell phone in early 2021 was a misstep early after his term of supervised release commenced and during his transition after prison, resulting in two dismissed violations.[2] The United States misconstrues the dismissed violation as a trend suggestive of future failure of a porn "addiction"—and asserts it has been

---

[2] As previously discussed, Mr. Lingo accessed adult pornography files stored on an old, disconnected cell phone prior to the commencement of his case. The Court dismissed the violations and continued Mr. Lingo on supervision. *See* ECF No. 90 at 5.

less than a calendar year since Mr. Lingo's violation. First, the United States is remiss in its assertion that the violation occurred "approximately eight months ago". *See* ECF No. 91 at 2 (citing Probation Officer Heinen's email, which stated "Mr. Lingo's setback […] occurred in January of 2021".). In fact, it has been more than *20 months* since the violation was alleged was reported to the Court in January of 2021. *See* ECF No. 70. Second and more importantly for the Court, the United States' concerns have not come to fruition; there is no evidence of a porn addiction and Mr. Lingo remains unfailingly compliant with the conditions of his supervision and in communication with his Probation Officer. As such, Probation remains neutral on this motion.

## Conclusion

Statutory limitations required Mr. Lingo to receive a minimum sentence of five years imprisonment, which the Court found to be "unjust" and "more than should be imposed in this case." *See* ECF No. 63 at 9:24-10:4 (Sentencing Transcript). Requiring continued supervision to further deterrence or incapacitation is unwarranted. Requiring continued supervision because Mr. Lingo's hardship is not deemed significant enough by the Government is not an appropriate justification for denying the request for early termination.

Ultimately, supervised release and the extensive resources required of it should be reserved for "those releases from prison who actually need supervision." *Johnson v.*

*U.S.*, 529 U.S. 694, 709 (2000) (quoting S. REP. 98-225, 125). The reality of U.S. Probation's finite resources in supervising individuals and Mr. Lingo's demonstrated rehabilitative course correction supplemented by his web of community support weighs heavily in favor of termination of supervised release.

     Mr. Lingo respectfully requests this Court to grant early termination of his supervised release which is warranted by his unquestioned rehabilitative conduct, the needs of his family, and in the interests of justice.

Dated: September 20, 2022.

                                    Federal Defenders of Eastern Washington & Idaho
                                    Attorneys for Jason J. Lingo

                                    <u>s/ Kathryn P. Lucido</u>
                                    Kathryn P. Lucido, WSBA No. 58390
                                    10 North Post Street, Suite 700
                                    Spokane, Washington 99201
                                    t: (509) 624-7606
                                    kathryn_lucido@fd.org

**Service Certificate**

I certify that on September 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Alison Gregoire.

<u>s/ Kathryn P. Lucido</u>
Kathryn P. Lucido, WSBA No. 58390
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
kathryn_lucido@fd.org