FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 2:16-CR-72-RMP-1 |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| JASON JAY LINGO, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, is Defendant Jason Jay Lingo's Motion for Early Termination of Supervised Release, ECF No. 90. The Government opposed in its response, ECF No. 91, and Defendant replied, ECF No. 92. Having reviewed Defendant's motion, exhibits, and reply, the Government's response, the record, and relevant law, the Court is fully informed. Pursuant to 18 U.S.C. § 3583(e)(1), after considering the applicable factors enumerated in 18 U.S.C. § 3553(a), the Court finds that Defendant's conduct and the interest of justice warrant the early termination of supervised release.

/ / /

ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE ~ 1

## BACKGROUND

On January 4, 2017, after pleading guilty to one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), Defendant Jason J. Lingo was sentenced to 60 months imprisonment, to be followed by 10 years of supervised release.  ECF No. 61.

Mr. Lingo completed his term of imprisonment and began his term of supervised release on May 11, 2020.  ECF No. 79 at 1.  On January 8, 2021, approximately 21 months prior to the date of this order, Mr. Lingo was alleged to have violated the conditions of his supervised release by using a cell phone previously unknown to his supervising U.S. Probation Officer to access pornographic content that had previously been downloaded on that cell phone.  *See id.* at 1-2.  The Court modified Mr. Lingo's supervision conditions and held the violations in abeyance for 90 days.  ECF No. 85 at 2.  The Court dismissed both violations after 90 days after Mr. Lingo demonstrated his remorse and improved behavior and continued Mr. Lingo on supervision under modified conditions.  ECF No. 88 at 2.  No additional alleged violations have occurred since this incident.

While on supervised release, Mr. Lingo has resided with his fiancée, Tomea Arnett, her son L. (age 7), and their son J. (age 5).  ECF No. 90 at 4-5.  Mr. Lingo is employed full-time at Amazon as an inventory-control and quality-assurance associate.  *Id.* at 7.

On August 31, 2022, Mr. Lingo, through counsel, filed this Motion for Early Termination of Supervised Release. *Id.*

## LEGAL STANDARD

The Court, after considering a subset of the sentencing factors enumerated in 18 U.S.C. § 3553(a), may terminate an individual's supervised release obligations "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). District courts have broad discretion when deciding whether to terminate a defendant's term of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Ninth Circuit recently clarified that district courts are not required to find undue hardship or exceptional circumstances for a defendant to prevail on a motion for early termination of supervised release. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

## DISCUSSION

Mr. Lingo requests early termination of supervised release after serving almost two and a half years of his 10-year term. He requests early termination of supervised release so that he can be a fully involved parent to L. and J., who require transportation to and from locations such as school, where children are present, locations which are prohibited under Mr. Lingo's supervision conditions. *See* ECF No. 90 at 11. Mr. Lingo also submits that the conditions of his supervised release interfere with his children's ability to interact with their peers, again because of the

1  supervision restrictions of Mr. Lingo's being near children.  *See* ECF No. 92 at 6.
2  Finally, Mr. Lingo hopes to pursue a career change that would require him to travel
3  out of the District on short notice.  *See* ECF No. 90 at 13.

4        The Government objects to early termination due to the seriousness of Mr.
5  Lingo's offense and the need to protect the public.  ECF No. 91 at 2.  The
6  Government asserts that Mr. Lingo "provides no reason he needs to be off supervised
7  release."  *Id.*  The Government cites the recency of Mr. Lingo's alleged violations of
8  his supervised release conditions as reasons to deny the motion.  *See id.* (referring to
9  Mr. Lingo's alleged violations from "just earlier this year" and repeating that "less
10 than a calendar year" had elapsed since Mr. Lingo "violat[ed] conditions of
11 supervised release"); *see also id.* at 3 (stating "[a]gain, this was approximately eight
12 months ago").  Additionally, the Government notes that Mr. Lingo has not completed
13 the mandatory 5-year minimum term of supervised release applicable to his offense
14 of conviction.  *Id.* at 1.

15       While Mr. Lingo's offense was serious, his lack of criminal history and the
16 support of his family and community indicate he poses minimal risk to the public.
17 *See* ECF No. 49 at 10 (showing Mr. Lingo as having no juvenile adjudications, no
18 adult criminal convictions, no other criminal conduct, no pending charges, and no
19 other arrests); ECF No. 90 Exs. A-E (letters of support from Tomea Arnett, Todd
20 Lingo, Ian Anderson, James Anderson and Collene Colva, and David Fair); ECF No.
21 90 Ex. H (letter of support from Joyce Lingo).

ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE ~ 4

Mr. Lingo, contrary to the Government's assertion that he provided no reason to terminate supervised release, provides several reasons in both his motion and reply. He contends that further supervision would serve no rehabilitative purpose, as he already has made good use of vocational programming available to him, including a three-month skilled trades preparation course at Spokane Community College. ECF No. 90 at 10. Mr. Lingo also points to the ways in which supervised release hinders his ability to be fully present as a father and precludes him from seeking employment opportunities that would improve his family's financial outlook. ECF No. 92 at 6.

The Government is in error when it states that Mr. Lingo need demonstrate "exceptionally good behavior," to justify early termination of supervised release. *See* ECF No. 91 at 4 (stating "Defendant must point to 'exceptionally good behavior' that renders a 'previously imposed sentence inappropriate or too harsh'") (citing, incompletely, *United States v. Emmett*, 749 F.3d 817, 823 n.2 (9th Cir. 2014)). First, the Government quotes, but neglects to properly cite, the dissenting opinion from *Emmett*, which is not binding upon this Court. *See* 749 F.3d at 823 n.2 (Nguyen, J., dissenting). Second, the dissent in *Emmett* does not support the proposition that a defendant *must* point to exceptionally good behavior. *See id.* (noting that a "defendant's 'exceptionally good behavior' *may* render a previously-imposed sentence inappropriate or too harsh") (emphasis added). Third, and most importantly for purposes of this Motion, the Ninth Circuit recently made clear that the

ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE ~ 5

1   "exceptional behavior" rule is incorrect as a matter of law.  *United States v. Ponce*,
2   22 F.4th 1045, 1047 (9th Cir. 2022).

3        Moreover, the Court finds that Mr. Lingo's two dismissed alleged supervised
4   release violations are outweighed by Mr. Lingo's commitment to maintaining a stable
5   lifestyle for himself and his family, as demonstrated by the lack of additional alleged
6   violations.  The Government also errs in basing its concerns on the recency of the
7   alleged violations.  More than 21 months have passed since the now-dismissed
8   petition alleging these violations was filed, rather than the approximately 8 months
9   that the Government averred.  *See* ECF No. 79 (displaying a filing date of January 8,
10  2021).  Finally, the requirement that a 5-year minimum term of supervised release be
11  imposed pursuant to 18 U.S.C. §3583(k) does not prevent the Court from granting
12  early termination of supervised release any time after one year has elapsed.  *See*
13  *United States v. Sainz*, Nos. 11-cr-640-BLF-3, 11-cr-712-BLF-2, 11-cr-894-BLF-1,
14  2022 WL 5052630, *1, *2 (N.D. Cal. Aug. 16, 2022) (citing *United States v.*
15  *Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994)).

16       United States Probation Officer Chris Heinen remains neutral regarding Mr.
17  Lingo's motion and defers to the Court.  ECF No. 90 at 14.  Officer Heinen also
18  conveyed to the Court that he does not believe there are any services from which
19  Mr. Lingo would benefit specific to supervised release and that Mr. Lingo has no
20  outstanding fees.

21

ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE ~ 6

Pursuant to 18 U.S.C. § 3583(e)(1) and after consideration of the relevant 18 U.S.C. § 3553(a) sentencing factors, the Court finds that Mr. Lingo's conduct and the interest of justice warrant early termination of his supervised release. Mr. Lingo has demonstrated his willingness to abide by the law and his ability to reintegrate into society. Mr. Lingo has been diligent in pursuing mental health treatment and working toward healthier relationships with others. Additionally, his employer indicates that Mr. Lingo has been extremely productive and effective at work. ECF No. 90, Ex. F.

The conditions of Mr. Lingo's supervised release are an impediment to Mr. Lingo's parenting responsibilities and his employment prospects. In addition, the Court finds that probation office resources are better utilized supervising other individuals. The Court commends Mr. Lingo on his progress and wishes him continued success in leading a productive and positive life.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Early Termination of Supervised Release, **ECF No. 90**, is **GRANTED**.

2. Defendant shall be released immediately from the supervision of the United States Probation Office.

/ / /

/ / /

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel and to the United States Probation Office.

**DATED** October 21, 2022.

                         *s/ Rosanna Malouf Peterson*
                         ROSANNA MALOUF PETERSON
                         Senior United States District Judge